IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

JERRY SMITH,

        Plaintiff,

v.

CITY OF MEDFORD,

        Defendant.

Civ. No. 1:17-cv-00931-CL

**ORDER**

CLARKE, Magistrate Judge.

This ORDER confirms and reinforces the Court's previous Order (#70), in which the Court granted Defendant's Motion for Extension of Time. Plaintiff's attorney is granted leave to file an affidavit under oath explaining why the extension should be rescinded.

**BACKGROUND**

Plaintiff brings this action against the City of Medford for alleged violations of the Americans with Disabilities Act ("ADA") and Rehabilitation Act ("RA") for lack of accessible sidewalks and streets in the City of Medford, Oregon. Pltf.'s Fourth Amended Complaint (#42).

On January 13, 2020, the City of Medford filed a Motion for Summary Judgment (#51) and requested oral argument.  Plaintiff's response, originally due on February 3, 2020, was extended to February 28, 2020 via stipulated motion.  On February 28, 2020, Plaintiff filed his Response (#58) consisting of 40 pages of memoranda and nearly 800 pages of exhibits.  Defendant's reply memorandum was originally due March 13, 2020.  Defendant's reply memo deadline was then extended to April 10, 2020 via unopposed motion, based upon "the voluminous summary judgment record and due to a temporary swell in workload caused by a temporary period of short-staffing in the undersigned's office." (#66 and #67).

On April 3, 2020, Defendant City of Medford filed a second Motion for Extension of Time with request for expedited consideration.  This time, the motion was opposed.  In his declaration in support of the second motion for extension, City Attorney Eric Mitton, explained that the need for a second extension related to the current global pandemic of COVID-19. Specifically, Mr. Mitton stated,

> Since that first motion for extension of time occurred on March 9, circumstances changed substantially. The COVID-19 pandemic took hold and increased at an exponential rate. Legal work related to COVID-19 response ended up taking over the vast majority of my workload for several weeks. The State of Oregon declared a state of emergency on March 12. Medford's Mayor declared a local emergency on March 16, ratified by Medford's City Council on March 19. The emergency declaration, and researching and advising policy-makers on precisely what actions that authorized and how, required substantial legal research and legal involvement. The City of Medford closed its City buildings to the public and transitioned a substantial portion of its workforce to work-from-home status on March 20. The work up to this transition required substantial legal research and legal involvement in the associated Human Resources matters. The City is continuing to take other COVID-related actions requiring substantial legal research and legal work, such as an executive order from the City Manager establishment of additional temporary transitional housing for homeless individuals on March 30th to help mitigate the pandemic's effect on the homeless population. Throughout this time, the a great deal of my time has been spent researching and helping implement these various COVID-related matters; my normal work load has had to take a back seat to these emergency matters.

Mitton Decl. at 2 (#69). Under such unprecedented emergency circumstances, the Court would expect no objection. However, Mr. Mitton confirmed that the City's motion for extension was opposed because Plaintiff's attorney withheld his consent on the condition that he be given the right to file a sur-reply. The City of Medford understandably declined to agree to this condition:

> I respectfully disagreed, pointing out the types of briefing set forth in Local Rule 7-1(f) (unless otherwise ordered by the Court, briefing consists of the motion, the response, and the reply). After more discussion on this issue, Plaintiff's counsel reemphasized that he would agree to the extension of time as part of a package deal that also included Plaintiff gaining the right to file a sur-reply to the City's motion for summary judgment:
>
>> Well Eric. You're asking for a second, long extension. I am happy to give it, but would like a sur reply. Let's give the judge a stipulation to an extension and sur reply. I doubt he would say no.
>
> The City needs an extension of time because of my COVID-19-related work discussed above, which had to take priority over normal matters. But I do not wish to surrender substantive rights of the City in order to obtain this extension, including the right of a moving party to have the last word on its own motion, as set forth in LR 7-1(f).

Mitton Decl. at 3.

After considering the City of Medford's motion and supporting declaration, the Court granted the Second Motion for Extension of Time on April 6, 2020. (#70). Remarkably, on the morning of April 13, 2020, the Court received an ex parte email from Plaintiff's counsel stating, "I am wondering why Defendant's request for an extension was granted, when it was opposed, and the Court did not give me time to respond. There are legitimate concerns regarding the granting of the extension, and I did not get a chance to put them in front of the court. I am requesting that the approval be rescinded until such time as I have had a chance to respond."

## DISCUSSION

Reflecting this court's and this state's long tradition of professionalism in the practice of law, Local Rule 83-8, entitled "Cooperation Among Counsel," provides in relevant part:

> The Court may impose sanctions if it finds that counsel has been unreasonable in not accommodating the legitimate requests of opposing counsel. In a case where an award of attorney fees is applicable, the Court may consider lack of cooperation when setting the fee.

Local Rule 83-8(b). Under normal circumstances, lawyers arguing over the propriety of a three-week extension for filing a reply when the record is particularly voluminous and oral argument has not yet been set would contravene the local rule's directive. Under the current national health emergency, refusal to agree is incomprehensible.

Context feeds common sense here. On March 23, 2020, Governor Brown issued Executive Order 20-12 in which, following the president's March 13, 2020 declaration of a national health emergency because of the COVID-19 virus and her previous March 8, 2020 declaration of a state-wide health emergency, she ordered Oregonians to stay at home. Executive Order 20-12, at 1, 3. She prohibited the operation of "non-essential" businesses (which term includes law firms and law offices), ordered closed all Oregon colleges and universities in the state, and imposed severe restrictions on the ability of childcare facilities to continue operating. *Id*., at 1, 4.

The health emergencies announced, and safety protocols implemented by national and State of Oregon authorities, have created unprecedented challenges and changes to the manner in which personal needs and occupational endeavors are accomplished. The effects of the current health emergency have been felt equally in this court, as evidenced by Standing Orders 2020-4, 2020-5, 2020-7, 2020-8 issued by Chief Judge Marco Hernandez between March 12, 2020 and March 31, 2020, as well as the page on the court's website dedicated to information about COVID-19's effect on court operations. *See* https://www.ord.uscourts.gov/index.php/information-regarding-coronavirus-disease-covid-19-and-court-operations, last visited April 13, 2020. Thus, criminal trials have been continued, civil jury trials have been suspended, court

hearings are by phone or video conference, and non-essential court staff have been directed to telework.

This context proves true the underlying bases for Mr. Mitton's declaration. As the City Attorney for the City of Medford, Mr. Mitton is responsible for providing legal advice to the City's policy-makers, including advising those policy-makers during the unprecedented circumstances of the COVID-19 pandemic. Mr. Dimitre cannot credibly dispute the current health emergency's impact upon Oregonians and the important role that Mr. Mitton plays in keeping the community of Medford safe. The court is left to wonder, then, both why Mr. Dimitre refused to agree to an extension and what "legitimate concerns" he has now as a basis for asking the Court to rescind its Order granting the extension.

As presented in Mr. Mitton's declaration, it appears that Mr. Dimitre was willing to consent to the extension on the condition that Plaintiff be granted the right to file a sur-reply to the pending summary judgment motion. Mitton Decl. at 3. The Court finds this condition unreasonable. As Mr. Mitton pointed out to Mr. Dimitre, and pursuant to Local Rule 7-1(f), briefing consists of the motion, the response, and the reply. Once a reply is filed, no additional memoranda, papers or letters may be filed without court approval. Local Rule 7-1(e),(f). Therefore, it would be improper and impermissible for Mr. Mitton to agree to such a condition, as only the Court can grant leave to file a sur-reply. Moreover, under general standards, a sur-reply is permitted only when new arguments are raised in the reply. *See JG v. Douglas County School Dist.*, 552 F.3d 786, 803 n.14 (9th Cir. 2008) (district court did not abuse discretion in denying leave to file sur-reply where it did not consider new evidence in reply); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (new evidence in reply may not be considered without giving the non-movant an opportunity to respond). For Mr. Dimitre to anticipate the need for a sur-reply prior to having received a reply is contrary to the basic rules of motion practice.

For these reasons, the Court finds both Mr. Dimitre's refusal to consent to the extension and attempt to condition his consent upon an agreement that he may file a sur-reply unreasonable. If Mr. Dimitre has legitimate reasons for why the Order granting the extension should be withdrawn, he is granted leave to file an affidavit under oath explaining those reasons by five o'clock p.m. on Wednesday, April 15, 2020.

ORDERED and DATED this 13th day of April, 2020.

s/ Mark Clarke
MARK D. CLARKE
United States Magistrate Judge